# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-151V

| | |
|---|---|
| ANTHONY BLEI,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 16, 2024 |

*Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION[1]

On February 3, 2023, Anthony Blei filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that the influenza ("flu") vaccine he received on October 7, 2021, resulted in a left-sided shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, lasting more than six months. Pet. at 1, ECF No. 1.

Following this case's activation to the Special Processing Unit ("SPU"), I issued an Order to Show Cause for Petitioner's failure to establish the six-month severity requirement. ECF Nos. 14, 23. In response to my Order, Petitioner filed a Motion for a Decision Dismissing his Petition. ECF No. 24. In his motion, Petitioner indicated that he "no longer wishes to pursue a case in the Vaccine Program." *Id.* at 7. Petitioner

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

maintained that he has successfully demonstrated a Table SIRVA claim but "acknowledge[d] the six-month severity issue with his [Vaccine Injury Compensation Program] claim when looking solely at the traditional SIRVA symptoms of pain and loss of range of motion in the shoulder." *Id.* Petitioner further requested "a decision dismissing his Vaccine Program claim so that he may pursue responsible third parties[,]" instead of engaging experts to prove causation. *Id.* at 7-8. Petitioner indicated that he "understands that a decision by the Chief Special Master dismissing his petition will result in a judgment of dismissal. He has been advised that such a judgment will end all of his rights in the Vaccine Program." *Id.* at 8.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – *i.e.,* an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, for either a Table or non-Table claim, a petitioner must establish that he suffered the residual effects of his injury for more than six months post-vaccination, died from the administration of the vaccine, or suffered an injury which required an inpatient hospitalization and surgical intervention. Section 11(c)(1)(D). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, examination of the record does not disclose preponderant evidence that Petitioner suffered his alleged injury for at least six-months. Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused. For these reasons, in accordance with Section 12(d)(3)(A), **Petitioner's motion is GRANTED. Petitioner's claim for compensation is DENIED and this case is DISMISSED for insufficient proof.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.